UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ZEE COMPANY, Inc. | ) |
|     Plaintiff, | ) ) ) ) |
| v. | )   Case No. 20-143 _____ ) ) ) |
| RICHARD DAVIS, | ) ) |
|     Defendant. | ) |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**

COMES NOW, Plaintiff Zee Company, Inc. and for its Verified Complaint against Defendant, Richard Davis, respectfully states as follows:

**The Parties**

1. Plaintiff Zee Company, Inc. (Zee Company) is a Tennessee domestic corporation with its principal place of business located at 412 Georgia Avenue, Suite 300, Chattanooga, Tennessee (Hamilton County) providing chemical products and applications in a variety of industries, primarily food and beverage and wastewater treatment.

2. Defendant Richard Davis (Davis) is Zee Company's former Area Sales Manager for the Maryland Territory, where he worked from February 1, 2019 until his

termination on May 6, 2020. Prior to serving as Area Sales Manager, Defendant Davis worked for Zee Company as a Sales/Service Technician from November 29, 2018 to January 31, 2019. Davis was continuously employed by Zee Company during this entire period. Upon information and belief, Davis resides at 129 Mackwood Road, Mooresville, North Carolina 28115.

3. Upon information and belief, Davis is currently a contractor for a direct competitor of Zee Company.

## JURISDICTION AND VENUE

4. This matter is governed by the laws of the State of Tennessee pursuant to the contract between Zee Company and Davis dated February 1, 2019 at Page 3, Paragraph 11 (a copy of the contract is attached hereto and sought to be incorporated herein, by reference, as Exhibit A.

5. Furthermore, the same provision referenced in Paragraph 5, above, requires venue for, "any claim or dispute arising out of the Agreement," to be, "exclusively enforced in the federal or state courts of Tennessee."

6. Pursuant to 28 U.S.C.§ 1391(b)(3), there is no district in which an action might otherwise be brought as provided in 28 U.S.C. § 1391 et seq., and, due to diversity of citizenship between the parties, the defendant may only be subject to the court's personal jurisdiction and injunctive authority with respect to this action in the federal courts.

7. This Court has jurisdiction over this case in that there is diversity of citizenship and the amount in controversy in this matter exceeds $75,000.00 pursuant to 28 U.S.C. § 1332(a)(1).

**FACTUAL BACKGROUND**

8. Zee Company, a subsidiary of The Vincit Company, L.L.C., is in the business of providing chemical products and applications in a variety of industries, primarily food and beverage and wastewater treatment, using proprietary application systems and sanitation and intervention chemicals to large, industrial food and beverage and wastewater treatment plants. Zee's core customers are commercial and industrial users of water treatment chemicals throughout North America. This includes treatment of boilers, cooling towers, process water, wastewater, and cooling systems.. Zee prides itself in its knowledge and knowhow of the industry, and this was shared with Davis.

9. Prior to his promotion as an Area Sales Manager, Davis had worked as a sales and service technician and as a result had developed close relationships with many of Zee Company's customers and their needs.

10. As Area Sales Manager for the Maryland Territory, Davis was intimately aware of Zee Company's customer lists, pricing data, financial data, marketing strategies, business methods, processes, formulae, compositions, systems techniques, computer programs, software, designs, and development strategies. Davis also

had significant customer contact and was responsible for developing and fostering relationships with Zee Company's ongoing and prospective customers.

11. After his promotion to Area Sales Manager, Davis reported directly to Ben Lukowski, Vice President of the East Water Division of Zee Company. As Area Sales Manager, Davis was responsible for developing contacts and leads in the Eastern Shore of Maryland and in West Virginia.

12. As a condition of his promotion to Area Sales Manager, Davis entered into a Confidentiality, Non-Competition and Non-Solicitation Agreement (the "NDA") with Zee Company on February 1, 2019. (See Exhibit A).

13. By signing the NDA, Davis acknowledged that, in the course of his employment, he would, "possess valuable information relating to the Business, prospects, customers, suppliers, properties and relationships of the Company and its Affiliated Companies . . . the improper use of which by Employee would materially and adversely affect the Business of the Company." (See Ex. A, p. 1, ¶2).

14. The NDA defined "Confidential Information" as "trade secrets, as defined by the Uniform Trade Secrets Act (Tenn. Code Ann. § 47-25-1701, *et seq.*), confidential or secret designs, processes, formulae, plans, devices or materials (whether or not patented or patentable)," and includes such business information" as "customer, customer lists, customer preferences and purchases, financial information including financial statements, advertising concepts and materials, business

associates or supplier lists of the Company, any confidential or secret development or research work of the Company, or any other confidential information or secret development or research work of the Company or any other confidential information or secret aspects of the Business of the Company." (See Ex. A, p. 1, ¶2).

15. Pursuant to the NDA, Davis also agreed that, upon termination, he would:

   "Immediately surrender all personal notes, drawings, manuals, documents, photographs, computer programs, disks or the like, including all copies thereof, relating to any of the said Confidential Information." (See Ex. A, p. 2, ¶4).

16. He further agreed that he would not compete or solicit commitments from any third party, customer or potential customer of the Company, directly or indirectly, "either during employment with the Company or for a period of eighteen (18) months thereafter. The Agreement specifically defined both "prohibited customers," and "prospective potential customer accounts in Employee's geographic territory." (See. Ex. A, p. 2, ¶ 5).

17. Davis also agreed not to engage in indirect competition (Ex. A., p. 2, ¶ 5(a)) nor to interfere with existing customers or suppliers, nor to, "induce or attempt to induce any customer, supplier or other business relation of the Company . . . to withdraw, curtail or cease doing business with the Company." (Ex. A, p. 2-3, ¶ 5(c)).

18. Davis agreed that Zee Company would be entitled to, "any injunctive or equitable relief to prevent a breach or continued breach," of the Agreement. (Ex. A., p. 3, ¶ 7)

19. Finally, Davis agreed that, if he was found to have breached the Agreement, Zee Company was entitled to attorney's fees, court costs and suit monies incurred in enforcement. (Ex. A., p. 3, ¶ 10).

20. On April 8, 2020, Davis received a warning letter with respect to his performance at Zee Company. In pertinent part, that letter described Davis' failure to provide reports of his contacts with sales prospects, and Sales Call Reports. (Attached hereto and sought to be incorporated herein, by reference, as Exhibit B is a copy of the warning letter authored by Davis' supervisor, Ben Lukowski).

21. On or about May 6, 2020, as a result of the lack of improvement in Davis' performance, Zee Company terminated his employment.

22. The same evening as his termination, Davis contacted Karl Foringer, a Wastewater Manager at Valley Proteins in Linkwood, Maryland and a customer of Zee Company to attempt to solicit his business and induce him to purchase the products of a competitor. The customer refused.

23. On May 11, 2020, Zee Company sent a notice to Davis, reminding him of his duties under the Agreement and requesting that he sign an Assurance to Cease and Desist Further Acts of Breach and Non-Compete Agreement.

There was no response. (Attached and incorporated herein as Exhibit C is a copy of the letter sent by Zee Company's Human Resources Director).

24. Not having received a response, Zee Company conducted a search to identify Davis' current address and discovered that he had left them with the wrong address. On May 20, 2020, the Human Resources Director sent another letter to Davis, this time to the correct address. In that letter, Davis was advised of his obligation to return numerous items of company property. There was also no response to this letter. (Attached and incorporated herein by reference as Exhibit D is a copy of the demand letter for the return of the property).

25. On May 27, 2020, Davis attempted numerous times to again contact Karl Foringer of Valley Proteins. This time, the customer blocked Davis' phone number. At the end of the day, the customer received a call from a different number that he did not recognize. The caller was from North Carolina and said he was calling on Davis' behalf to try to sell products directly comparable to those sold by Zee Company for a lower price. The customer advised the caller not to contact him again and contacted Zee Company management about the calls.

26. On May 28, 2020, undersigned counsel, on behalf of Zee Company, wrote a formal cease and desist demand letter and sent it by both electronic and regular mail. That letter warned that legal action would be taken

7

Case 1:20-cv-00143-CLC-CHS   Document 1   Filed 06/04/20   Page 7 of 15   PageID #: 7

immediately if Davis did not cease his continued breach of the parties' agreement. (Attached hereto and sought to be incorporated herein, by reference, as Exhibit E is a copy of the Formal notice letter).

## COUNT I - DECLARATORY RELIEF

27. Davis willingly and voluntarily entered into the NDA.

28. The Agreement is supported by adequate consideration.

29. The NDA is reasonable as it does not exceed what is necessary to protect Zee Company's legitimate interests. Furthermore, Davis specifically acknowledged the reasonableness of the Agreement. (Ex. A, p. 3, ¶ 8).

30. The threatened danger to Zee Company in the absence of the Agreement is significant, particularly in light of Davis' blatant disregard for it in contacting an existing Zee Company customer the day of his termination and his failure to report the contacts he made during the later months of his employment with Zee Company.

31. The Agreement is not hostile to the public interest because it is reasonable and necessary to protect Zee Company's legitimate business interests.

32. The Agreement does not impose an undue economic hardship on Davis because it does not prohibit him from working in any industry or competitor and is limited in time and geographic scope.

33. Accordingly, Zee Company asks this Court to issue a declaration that the Agreement is valid and enforceable.

## COUNT II - BREACH OF THE NDA

34. The NDA constitutes a valid and enforceable contract between Zee Company and Davis.

35. Davis breached the NDA by directly soliciting existing customers of Zee Company and failed and refused to cease his actions after two requests to do so without resorting to litigation.

36. The Plaintiffs aver that there may be other potential or existing customers that Davis has sought to misappropriate in the same manner as the customer who reported Davis' contact with him.

37. Davis breach is material.

38. As a direct and proximate result of Davis' material breaches, Zee Company has suffered and/or will continue to suffer irreparable injury, as well as substantial harm and damages, including but not limited to loss of profits, loss of opportunities, loss of good will, attorneys' fees, and interest, the amount of which is within the jurisdictional limits of this Court and which at this time is believed to be approximately $100,000.00, and as shall be determined through discovery and at trial.

## COUNT III - TEMPORARY AND PERMANENT INJUNCTION PROHIBITING DAVIS CONTINUED VIOLATIONS OF HIS NON-DISCLOSURE AGREEMENT

39. Since his departure as an employee of Zee Company, Davis has violated the express terms of his NDA.

40. As a direct and proximate result of Davis' breach, Zee Company has suffered and/or will continue to suffer the loss of opportunities and good will. Further, Zee Company will suffer the loss of customers and business or at the very least, the loss of opportunities and good will with customers and prospective customers. Such harm is irreparable.

41. As a direct and proximate result of Davis' breach of his NDA, Zee Company will suffer irreparable injury and harm to its business, and monetary damages are an inadequate remedy for such continuing injury.

42. Zee Company, therefore, has no adequate remedy at law and is entitled to a temporary and permanent injunction prohibiting Davis from continuing to violate his contractual obligations by performing the above activities.

43. In the Agreement, Davis specifically consented to the imposition of injunctive and equitable relief.

## COUNT IV - TEMPORARY AND PERMANENT INJUNCTION PROHIBITING DAVIS
## USE OF ZEE COMPANY'S CONFIDENTIAL INFORMATION

44. In the course of growing its business, Zee Company invested substantial time and money to build its reputation and its business relationships with its customers.

45. Through his employment with Zee Company, Davis has had access to Zee Company's confidential information and/or trade secret information stated herein. This information is competitive information not readily available or known to the general public or even to the majority of other Zee Company employees.

46. Unless Davis is temporarily and permanently enjoined from using and/or disclosing Zee Company's confidential and/or proprietary information, Zee Company will be irreparably harmed by the misappropriation of its confidential information, as well as suffer the loss of good will, loss of reputation, loss of customers, and present and future economic loss.

47. Zee Company, therefore, has no adequate remedy at law and is entitled to a permanent injunction prohibiting Davis from using and/or disclosing Zee Company's confidential and/or proprietary information.

## COUNT V - INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS

48. Zee Company has existing business relationships with its customers and prospective customers including, Mr. Foringer of Valley Proteins, among others.

49. As the former Area Sales Manager for the Maryland Territory of Zee Company, Davis is uniquely aware of Zee Company's existing business relationships with those customers, among others, because he was responsible for developing and fostering those relationships.

50. Davis has intended to cause the breach or termination of Zee Company's business relationships with its customers. Upon information and belief, Davis has already caused the breach or termination of Zee Company's business relationships in at least one instance.

51. Davis is acting with an improper motive and through improper means to solicit Zee Company's customers by disclosing confidential and/or trade secret Zee Company information.

52. As a direct and proximate result of Davis' conduct in this regard, Zee Company has suffered damages in an amount to be determined at trial, but believed to be at least $100,000.00, at this time.

## COUNT VI - CONVERSION

53. As part of his employment with the Zee Company, Davis was permitted to use the following items in pursuit of Zee Company Business:

    - A laptop computer;
    - A laptop charger;
    - A cell phone;
    - A cell phone charger;
    - AWT Manuals;
    - Dr900;
    - pH/Cond Meter;
    - Test kit, etc.;
    - Other items as yet unidentified.

54. Davis converted all the property identified in Paragraph 53, in that he appropriated it for his own use and exercised dominion over it in defiance of Plaintiff's ownership of the property.

55. At the time of conversion, the property so identified had a fair market value of $10,000.00.

56. Plaintiff has demanded return of the personal property identified in Paragraph 53 that Davis still has in his custody and control, but Davis has failed and refused to return the property to the Plaintiff. Davis' refusal to return the property for a period from May 6, 2020 to the present has cost the Plaintiff $10,000.00.

57. Davis is liable to the Plaintiff for the value of the personal property identified in Paragraph 53, and for reasonable and necessary replacement expenses incurred by the Plaintiff as a consequence of Davis' conversion in the approximate amount of <AMOUNT>, together with interest from the date the property was converted.

## COUNT VII - UNJUST ENRICHMENT

58. Zee Company has conferred a great and valuable benefit upon Davis in consideration for his NDA, including, but not limited to, his continued employment.

59. Upon information and belief, and as a direct and proximate result of his violation of his NDA, Davis has been successful in obtaining business of at least one or more Zee Company customers for a competitor of Zee Company

60. Upon information and belief, Davis directly profited from such conduct.

61. Accordingly, Zee Company is entitled to any amounts of which Davis has been unjustly enriched by his wrongful conduct.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiffs pray:

A.  That the Court issue a declaration that the NDA between the parties is valid and enforceable;

B.  That the Court award Plaintiff compensatory damages against Davis in an amount to be determined;

C.  That the Court issue a temporary *ex parte* restraining order and ultimately a permanent injunction restraining and enjoining Davis from:

1) using, disclosing or divulging any trade secrets, technical information, business information, as defined in the NDA, confidential information, or any other proprietary data of Zee Company or its parent company, The Vincit Company, L.L.C. d/b/a The Vincit Group, or any other subsidiary of The Vincit Group, for Davis' personal benefit or for the benefit of any third party; and

2) making any intentionally false, misleading and/or defamatory or slanderous comments, statements and/or other communications about Zee Company, Inc. its

14

parent company, The Vincit Company, L.L.C. and/or any of its current and/or former agents, employees, officers, directors, board members and owners.

3) Soliciting business or contacting, or inducing third parties from soliciting business or contacting Zee Company's customers, employees, agents, contractors.

D. An award of reasonable attorneys' fees, costs and expenses pursuant to the terms of the NDA;

E. An award of exemplary damages;

F. An award of compensatory damages for Davis' conversion of Zee Company property, together with interest from the date the property was converted;

G. An award of both pre- and post- judgment interest on any award of damages to the fullest extent allowed by law;

H. A trial by jury on all counts contained herein; and

I. Such other and further relief, both legal and equitable, as the nature of this cause, and justice, requires.

**YATES & WHELAND**

/s/ Allen Yates

Allen Yates - BPR#28523
412 Georgia Avenue
Suite 102
Chattanooga, TN 37403
404.995.1999 (direct) - 404.800.3030 (main office)
ay@YWLawyers.com
*Counsel for the Plaintiffs*