UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ZEE COMPANY, INC.           )
                            )
v.                          )   Case No. 1:20-cv-00143-CLC-CHS
                            )
                            )
RICHARD DAVIS               )

**REPORT and RECOMMENDATION**[1]

This matter is before the Court upon Plaintiff's motion for default judgment [Doc. 15] which the District Court has referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 16].

On February 17, 2021, this Court entered an Order granting in part and denying in part Plaintiff's motion to seal certain documents filed in support of its motion for default judgment. [Order, Doc. 20]. Specifically at issue in this Order are Exhibits B and C [Docs. 19-2 and 19-3] attached to Plaintiff's proposed Findings of Fact and Conclusions of Law submitted in support of its motion for default judgment. Plaintiff sought to file Exhibits B and C under seal.

In its February 17, 2021 Order, the Court denied Plaintiff's request to file Exhibits B and C [Docs. 19-2, 19-3] under seal. Exhibits B and C are affidavits attesting that Defendant Davis is neither an infant nor incompetent person and he is not currently serving in the military. These documents do not meet the Sixth Circuit standards for sealing. Because the Court would not allow Exhibits B and C to be filed under seal, the Order informed Plaintiff that these documents, filed as "proposed sealed

---

[1] The "Order" entered on August 26, 2021 by the undersigned is **VACATED** and this Report and Recommendation is entered to give Plaintiff notice that it has fourteen days from entry of the Report and Recommendation to file an objection to it.

documents," would be deleted from the record.[2] The documents were then deleted and, consequently, they no longer exist in the record.

Importantly, in the same February 17, 2021 Order, the Court ordered Plaintiff to file Exhibits B and C in the public record within seven days from entry of the Order. [February 17, 2021 Order, Doc. 20, Page ID # 98]. Plaintiff failed to refile these documents in the public record. This is problematic because the averments in the exhibits are procedural requisites to Plaintiff receiving a default judgment. More specifically, a plaintiff seeking default judgment must show defendant is not an infant or incompetent person. *Disney Enters. v. Farmer,* 427 F.Supp.2d 807, 815 (E.D. Tenn. 2006). The plaintiff must also submit an affidavit stating whether the defendant is in military service, or, if plaintiff is unable to determine whether the defendant is in military service, so stating. Servicemembers Civil Relief Act § 201(b), 50 U.S.C. § 3931; *Broadcast Music,* 2009 WL3785878, at *4; *Merrill v. Beard,* No. 5:05-cv-768, 2007 WL 461469, at *3 (N.D. Ohio Feb.7, 2007).

To rectify this omission in the record, the Court entered an order on August 19, 2021, directing that:

1. Plaintiff shall file the aforementioned Exhibits B and C in the public record by **Wednesday, August 25, 2021**.

2. In the event Plaintiff fails to file Exhibit B and C in the public record as specified above, this Court will recommend to the District Judge that Plaintiff's motion for default judgment be denied for failure to meet the procedural requirements necessary to enter a default judgment in favor of the Plaintiff, and further, that this action be dismissed with prejudice for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure.

[August 19, 2021 Order, Doc. 29].

Further, the undersigned's law clerk spoke with Plaintiff's counsel on the telephone on or about August 19, 2021, to emphasize the need that Plaintiff supplement the record with Exhibits B and C by August 24, 2021. Plaintiff has not done so, and therefore has not meet all of the procedural

---

[2] The public does not have access to "proposed sealed documents." Under Electronic Case Filing Rule 12.2, "[i]f the motion [to seal] is denied, the clerk's office will delete the [proposed sealed] document and modify the docket entry to note the document was deleted upon the denial of the motion to seal."

requirements for a default judgment. Consequently, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **DENIED**.[3]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).