UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ZEE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:20-CV-143 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| RICHARD DAVIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

This matter is before the Court on a motion for default judgment by Plaintiff, Zee Company (Doc. 15), and the report and recommendation (the "R&R") by United States Magistrate Judge Christopher H. Steger recommending denial of Plaintiff's motion for default judgment (Doc. 32). Plaintiff objects to the R&R and moves for reconsideration of the R&R and of an earlier order by the Magistrate Judge. (Docs. 33, 35.)

### I.   BACKGROUND

Plaintiff filed a verified complaint against Defendant, Richard Davis, on June 4, 2020. (Doc. 1.) Plaintiff filed an affidavit of service of the summons on Defendant as of June 5, 2020. (Doc. 8.) Defendant's deadline to answer or otherwise respond to the complaint was therefore June 26, 2020. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant did not answer or otherwise respond to the complaint by the deadline.

On July 2, 2020, the Court ordered that, within twenty-one days, Defendant must respond to the complaint, Plaintiff must move for entry of default, or Plaintiff must show cause why the action should not be dismissed. (Doc. 9.) On July 17, 2020, Plaintiff applied for entry of default,

satisfying the Court's July 2, 2020, Order. (Docs. 10, 11.) On July 20, 2020, the Clerk of Court reminded Plaintiff of the necessity to email the proposed entry of default to the Clerk as set out in the instructions on the Court's public web site, and gave Plaintiff until July 27, 2020, to do so. (Doc. 11.) The Clerk of Court entered Defendant's default on August 10, 2020. (Doc. 13.)

For more than a month after the entry of default, Plaintiff did not file a motion for default judgment. Therefore, on September 22, 2020, the Court ordered that, within twenty-one days, Plaintiff must either request entry of default judgment by the Clerk of Court, *see* Fed. R. Civ. P. 55(b)(1), or move for entry of default judgment by the Court, *see* Fed. R. Civ. P. 55(b)(2). (Doc. 14.) On October 13, 2020, Plaintiff moved for default judgment by the Court. (Doc. 15.) On November 5, 2020, the Court referred Plaintiff's motion to the Magistrate Judge under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure. (Doc. 16.)

On January 5, 2021, the Magistrate Judge ordered Plaintiff, by February 12, 2021, to file proposed findings of fact and conclusions of law (the "Proposed Findings"), as well as an affidavit that reasonable inquiry had been made to verify that Defendant was not an infant, an incompetent person, or in military service (the "Default Affidavit"). (Doc. 17.) On February 12, 2021, Plaintiff filed a motion for leave to file the required documents under seal. (Doc. 18.) On February 17, 2021, the Magistrate Judge granted the motion in part, but denied it as to the Proposed Findings and the Default Affidavit, finding they did not meet the legal standard for sealing (the "February 17 Order"). (Doc. 20.) The February 17 Order informed Plaintiff that the Proposed Findings and the Default Affidavit would be deleted from the record and must be filed in the public record within seven days, namely by February 24, 2021, with appropriate redactions made as to the Proposed Findings. (*Id.* at 2–3.)

A month after the deadline, on March 24, 2021, Plaintiff filed a motion for extension of time to redact and file the Proposed Findings, explaining that "Plaintiff's counsel was out of the country during the relevant time period and upon his return, only recently discovered the Court's February 17, 2021 Order." (Doc. 22 ¶ 6.) Plaintiff asked the Court to excuse this lateness and provide a new deadline for Plaintiff to comply with the February 17 Order. (*Id.* at 4.) The Magistrate Judge granted Plaintiff's motion for extension, allowing Plaintiff up to April 9, 2021, to comply. (Doc. 23.) Plaintiff made filings on April 8 and 9 as to the Proposed Findings. (*See* Docs. 24–28.) However, Plaintiff did not file the Default Affidavit.

On August 19, 2021, the Magistrate Judge issued an Order reminding Plaintiff of the need to file the Default Affidavit and gave Plaintiff a second extension to file it, allowing until August 25, 2021, to do so (the "August 19 Order"). (Doc. 29.) The August 19 Order further informed Plaintiff that failure to comply would result in a recommendation that the default motion be denied and the action be dismissed with prejudice for failure to prosecute. (*Id.* at 2.) The Default Affidavit was not filed by August 25, 2021.

On August 27, 2021, the Magistrate Judge issued the R&R. (Doc. 32.) The R&R noted Plaintiff's failure to file the Default Affidavit despite the Court's instruction to do so in both the February 17 Order and the August 19 Order, and despite the Court's admonition in the August 19 Order that failure to do so could lead to dismissal of the action with prejudice. (*Id.* at 2.) The R&R noted that, "[f]urther, the [Magistrate Judge's] law clerk spoke with Plaintiff's counsel on the telephone on or about August 19, 2021, to emphasize the need that Plaintiff supplement the record with [the Default Affidavit] by August 24, 2021." (*Id.*) The R&R recommends denial of

Plaintiff's default motion based on Plaintiff's failure to file the Default Affidavit as ordered. (*Id.* at 3.)

On September 10, 2021, Plaintiff filed the Default Affidavit in the public record (Doc. 33-3) and filed a Motion for Reconsideration (Doc. 33) objecting to the R&R and asking the Court to reconsider the filing deadline in the August 19 Order. Plaintiff explains that he did not receive notice of the August 19 Order setting the August 24, 2021, deadline "because of an internal error in Plaintiff's counsel's email system which deleted the email address on file with CM/ECF." (*Id.* ¶ 2.) Plaintiff also filed an affidavit of his counsel acknowledging that, on August 19, 2021, counsel spoke with the Magistrate Judge's law clerk about Plaintiff's failure to file the Default Affidavit in the public record, but stating that counsel "did not understand from the conversation . . . that there was a deadline to make the corrected filings."[1] (Doc. 33-2 ¶¶ 2–3.) Counsel further states that he did not become aware of the August 25, 2021, deadline in the August 19 Order or the R&R itself until he checked the case docket on September 10, 2021, while preparing to file the Default Affidavit. (*Id.* ¶¶ 5–6.) Plaintiff's motion asks the Court to reconsider both the August 19 Order and the R&R, and to accept the Default Affidavit as timely filed. (Doc. 33 at 2.)

## II. STANDARD OF REVIEW

If a party objects to the proposed findings and recommendations of a magistrate judge, the party may file written objections within fourteen days. 28 U.S.C. § 636(b)(1)(C). The district court must then undertake a *de novo* review of the specific proposed findings or recommendations

---

[1] Plaintiff's memorandum identifies the date of the telephone call as August 18, 2021. (Doc. 35 at 2.) It further states that the call "advised [Plaintiff's counsel] that he needed to file these documents, but made no mention of a time limitation nor that an order would be entered the following day requiring the filing of the affidavits by a date certain." (*Id.*)

4

to which objection is made. *Id.* A specific objection is one that "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (quoting *Smith v. Crater*, incorrectly identified as *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (Table)). "[T]he district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (2d alteration in original) (quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1422–23 (5th Cir. 1996)). In resolving objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a district court has the authority to consider a motion for reconsideration under certain circumstances. Before final judgment, "[d]istrict courts have authority both under [federal] common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case . . . ." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Interlocutory reconsideration is proper when the movant shows either: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959).

5

### III. ANALYSIS

Plaintiff makes two objections to the R&R: that he did not have notice of the August 19 Order and the deadline it set, and that he has now filed the Default Affidavit for lack of which the R&R recommends denial of his motion for default.[2] (Docs. 33, 33-2, 35).

Plaintiff's objection as to notice rests in part on his counsel's averment that the Magistrate Judge's Law Clerk did not inform him of any specific time limit to file the Default Affidavit during their telephone call. Even accepting counsel's averments as true, however, they do not show an error in the R&R. Plaintiff does not assert that the Law Clerk told him an incorrect deadline, for example, or that she falsely assured him there was no deadline. In fact, a phone call from a federal judge's chambers, even one without mention of a deadline, should have alerted counsel to the opposite—that there was urgency to the request, and the Court was making an extra effort to obtain compliance from counsel before action had to be taken that would be detrimental to counsel's client.[3] In addition, the Law Clerk would have had no reason to doubt that counsel would receive his service copy of the August 19 Order as soon as it was issued, as it is each counsel's responsibility to ensure his or her contact information in CM/ECF is correct. Finally, the R&R

---

[2] Plaintiff also argues against dismissal of the action. (Doc. 35 at 2.) However, the R&R did not recommend dismissal at this time, although it did quote the Magistrate Judge's previous warning that failure to file the Default Affidavits would result in a recommendation of dismissal. (Doc. 32 at 2 (quoting Doc. 29 at 2).) The Court will not consider dismissal at this time.

[3] The procedural history of this case adds extra weight on this point. Each of the Court's orders and the Clerk's instructions to the Plaintiff before August 19, 2021, included a deadline. (*See* Docs. 9, 11, 14, 17, 20, 23, and 26.) Those deadlines ranged from seven to twenty-one days, with only one—the original deadline to file the Proposed Findings and Default Affidavit—of more than a month. Despite this history, Plaintiff waited twenty-two days after the phone call, until September 10, 2021, to check the docket in preparation for filing the Default Affidavit.

6

only relied on the Law Clerk's phone call to counsel as an additional reason for recommending dismissal. (*See* Doc. 32 at 2.) The main reason was Plaintiff's failure to file the Default Affidavits both in response to the February 17 Order and in response to the August 19 Order. (*See id.*)

In sum, even if the Court credits both counsel's affidavit that he did not understand there was a deadline from the call with the Magistrate Judge's Law Clerk (Doc. 33-2 ¶ 3) and counsel's memorandum stating affirmatively that the Law Clerk did not mention a deadline (Doc. 35 at 2), the Court sees no flaw in the R&R that would require a different disposition. *See* Fed. R. Civ. P. 72(b)(3) (district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Both the February 17 Order and the August 19 Order were clear as to what was required of counsel, and nothing about the phone call changes that.

Plaintiff's objection as to notice also rests on his averment that he did not receive a service copy of the August 19 Order because of an internal error in which he or someone in his firm deleted the email address that was on file with the Court's electronic filing system. (Doc. 33 ¶ 2; Doc. 33-2 ¶¶ 8–10.) But it is counsel's responsibility, not the Court's, to make sure his or her contact information in CM/ECF is correct. In addition, Plaintiff does not explain why it failed to file the Default Affidavit as ordered in the February 17 Order and extended by the Magistrate Judge to April 9, 2021, as to both of which orders Plaintiff does not dispute receipt of notice. (*See* Docs. 20, 23.)

Even crediting Plaintiff's assertion that its counsel's failure to comply with the August 19 Order was unknowing, the procedural history of this case as a whole indicates this matter has not been treated with a high degree of diligence as to timeliness or as to attention to the Court's rules

7

and orders. The Court has issued two show-cause orders based on Plaintiff's slow filings. (Docs. 9, 14.) Plaintiff's initial motion for default judgment failed to include the information required by Federal Rule of Civil Procedure 55(b)(2) and 50 U.S.C. § 3931(b)(1), which necessitated the Magistrate Judge's ordering Plaintiff to file the Default Affidavit in the first place. (*See* Docs. 15, 17.) When Plaintiff responded by filing a motion to file the Default Affidavit and other information under seal, Plaintiff failed to consider that filing a motion to seal with proposed sealed documents is not the same as filing the documents themselves, and failed to consider that the motion to seal might be denied.[4] After the February 17 Order was issued, denying the motion to seal in part and requiring action from Plaintiff, Plaintiff did not comply or seek an extension to comply until March 24, 2021. (*See* Doc. 22.) Plaintiff explained that its counsel had been out of the country—apparently for more than a month, without checking his email for case filings and without arranging for someone else to monitor his cases for him. (*See id.*) Further, when Plaintiff did return to his practice and read the February 17 Order, it appears he failed to read the part of the Order regarding the Default Affidavit, since he failed to file the Default Affidavit until after the R&R was entered. (*See* Docs. 20, 22.) Thus, as with Plaintiff's arguments regarding the phone

---

[4] In a previous filing, Plaintiff said it had timely submitted the Proposed Findings and Default Affidavit, along with a contemporaneous motion for leave to file the documents under seal. (Doc. 22 ¶ 4.) Plaintiff's statement reflects a misunderstanding of the Court's procedures. A motion to file documents under seal must be accompanied by the sealed filing of the documents the party wishes to file under seal. *See* CM/ECF Sealed Documents, Documentation for Attorneys (Sept. 1, 2009), https://www.tned.uscourts.gov/sites/tned/files/atty-documentation.pdf (last visited Sept. 23, 2021). A motion to seal may then be granted or denied. *See id.* If the motion is granted, the Clerk of Court will cause the proposed sealed documents to be re-filed in the record under seal. *Id.* If the motion is denied, the proposed sealed documents are deleted from the record. *Id.* Thus, the filing of proposed sealed documents does not operate as a filing of the documents themselves.

8

call, the deletion of counsel's email account does not constitute an error in the R&R that requires a different disposition.

In addition to lack of notice, Plaintiff's second objection to the R&R is that he has now filed the Default Affidavit for lack of which the R&R recommends denial of his motion for default. The lack of the Default Affidavit presented a threshold obstacle to the granting of Plaintiff's motion. Plaintiff has now removed that obstacle. However, the motion for default judgment cannot be granted without considering whether Plaintiff has met the other procedural and substantive requirements for a default judgment. Given the history of this case, as discussed above, the Court does not see good cause for excusing Plaintiff's failure to file the Default Affidavit from the initial March 24, 2021, deadline to its ultimate filing on September 10, 2021. The Court concludes it is instead appropriate to accept the R&R, deny Plaintiff's motion without prejudice, and provide Plaintiff a deadline to file an appropriate motion for default judgment, if Plaintiff wishes to do so.

Plaintiff also casts his objections to the R&R as a motion for reconsideration. (*See* Docs. 33, 35.) Plaintiff has not met the standard for reconsideration. *See Louisville/Jefferson Cnty.*, 590 F.3d at 389. Plaintiff has not shown an intervening change in controlling law. It has not shown the availability of new evidence; this is not an evidentiary question, and the Default Affidavit was, in any case, executed on February 12, 2021. (*See* Doc. 33-2.) Finally, reconsideration is not needed to correct a clear error or prevent manifest injustice. The R&R does not contain a clear error, as discussed above. Nor is there a risk of manifest injustice, as Plaintiff's motion for default judgment is being denied without prejudice to refiling.

9

Case 1:20-cv-00143-CLC-CHS   Document 37   Filed 09/28/21   Page 9 of 10   PageID #: 190

## IV. CONCLUSION

For the reasons stated above, the Court agrees with the R&R. Plaintiff's objection (Doc. 33) is **OVERRULED**. The Court **ACCEPTS AND ADOPTS** the R&R (Doc. 32). Plaintiff's motion for default judgment (Doc. 15) is **DENIED WITHOUT PREJUDICE**. If Plaintiff wishes to pursue a default judgment against Defendant, Plaintiff shall so move **within fourteen days** of entry of this Order. For the sake of judicial efficiency, if Plaintiff files a motion for default judgment, the motion shall be considered as having been **REFERRED** to the Magistrate Judge under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure for a Report and Recommendation on the motion and for whatever actions the Magistrate Judge deems appropriate pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**